UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No. 20-cr-10050-FDS

UNITED STATES OF AMERICA

v.

CESAR LARA CASTILLO

### ORDER ON GOVERNMENT'S MOTION FOR DETENTION

May 5, 2020

Boal, M.J.

Defendant Cesar Lara Castillo is charged in a three-count indictment with possession with intent to distribute fentanyl and aiding and abetting the same, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vi), and 18 U.S.C. § 2 (Count One), false representation of a social security number, in violation of 42 U.S.C. § 408(a)(7)(B) (Count Two), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count Three).  Docket No. 16.  The government moves for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(C) and (f)(2)(A).

An initial appearance was held on September 19, 2019.  Docket No. 9.  On September 26, 2019, Lara Castillo waived his right to a preliminary hearing and consented to voluntary detention without prejudice.  Docket Nos. 13, 14.  On April 26, 2020, Lara Castillo filed an emergency motion for release pending trial.  Docket No. 25.  Because this Court previously issued a voluntary order of detention, it construed that motion as one for a detention hearing. Docket No. 26.  The government filed its opposition on April 29, 2020, Docket No. 32, and, on April 30, 2020, Lara Castillo filed a reply.  Docket No. 34.  That same day, the government filed a notice that an inmate had tested positive for COVID-19 at Plymouth County Correctional Facility.  Docket No. 36.  This Court held a hearing via videoconference on May 1, 2020.  The

1

parties proceeded by proffer and offered exhibits. Additionally, the parties filed relevant medical records under seal. Docket No. 30.

After careful consideration of the evidence, the parties' arguments at the hearing, the presumption applicable to this case, and a Pretrial Services Report recommending detention, this Court orders Lara Castillo detained pending trial.

I.      **ANALYSIS**

    A.      **Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses a danger to the safety of any other person or the community if released, or by a preponderance of the evidence that the person poses a serious risk of flight. 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-93 (1st Cir. 1991). If there is some risk, this Court should consider whether a combination of release conditions "will serve as a reasonable guard." Id. at 791 (citations omitted).

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g). Each of these factors must be weighed, and the decision on whether to release is an individualized one. Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and

the safety of any other person and the community.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).  Where, as here, there is probable cause to believe that the defendant committed an offense punishable under the Controlled Substances Act by a term of incarceration of 10 years or more, a rebuttable presumption of danger and flight arises.  18 U.S.C. § 3142(e)(3)(A).  The presumption imposes a burden of production on the defendant to come forward with "some evidence" to demonstrate that he is not a danger to the community or a flight risk.  United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985), abrogated on other grounds by United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990).  Without credible evidence to rebut the presumption, the presumption alone may justify detention.  United States v. Alatishe, 768 F.2d 364, 371 (D.C. Cir. 1985).  Notwithstanding this rebuttable presumption, the burden of persuasion always remains with the government.  Jessup, 757 F.2d at 381.

     **B.**    **Nature Of The Offense**

The government alleges that Lara Castillo agreed to sell fentanyl to a cooperating witness.  Law enforcement closed in on the delivery, arrested Lara Castillo, and seized more than 90 grams of fentanyl.  Lara Castillo presented to law enforcement officers a false driver's license, which he had obtained allegedly through the fraudulent use of a social security number.

     **C.**    **Defendant's History And Characteristics**

Lara Castillo is 36 years old.  He was born in the Dominican Republic, where his father and five siblings reside.  Lara Castillo is not a lawful resident of the United States, and ICE has lodged a detainer against him.

Lara Castillo has maintained a relationship with his girlfriend for approximately five years.  He previously worked a construction laborer.

Lara Castillo suffers from high blood pressure.  He drinks sparingly.  Until eight months

ago, he smoked marijuana twice weekly. Until a year ago, he used cocaine several weekends a month.

### D. Risk of Flight

Lara Castillo has strong ties to the Dominican Republic. His family, including his father and five siblings, live there. Additionally, he is a co-owner of his family's residence in the Dominican Republic. Defense counsel pointed out that despite these ties the defendant did not flee in the months between the date of the transaction at issue in this case and the date of his arrest. Instead, he met with law enforcement during this period.

### E. Dangerousness

Narcotics trafficking is encompassed within Congress's definition of danger to the community. United States v. Leon, 766 F.2d 77, 81 (2d Cir. 1985). As indicated above, the government alleges that Lara Castillo possessed and intended to distribute fentanyl.

He has no criminal history except for the following: in 2017, Lara Castillo was arrested on charges of strangulation/suffocation and assault and battery of a family or household member, stemming from a domestic violence incident involving his girlfriend. Ultimately, those charges were dismissed.

### F. Assessment Of All Factors

Lara Castillo's proposed release plan includes home incarceration at his girlfriend's home, and his girlfriend as a third-party custodian. The girlfriend is the same person as the victim of the domestic assault charge that was later dismissed. I acknowledge that defense counsel stated that the girlfriend is willing to have Lara Castillo return.

Lara Castillo has strong ties to the Dominican Republic: he is a citizen of the Dominican Republic, his close family resides there, he owns property in the Dominican Republic, and he is

unlawfully present in the United States. He also provided law enforcement with a false identity during the investigation that led to the instant charges.

While this Court is mindful of the dangers posed by the COVID-19 public health crisis in custodial settings, the defendant has not set forth any specifics about his medical condition that tip the balance in favor of his release. In addition, the government has presented attorney/client teleconference procedures enacted by the Plymouth County Correctional Facility in response to the pandemic. Docket No. 32 at 8. While this Court appreciates that defense counsel had some difficulties contacting his client, he has now received the procedures by which he may do so. Without more, this Court finds that issue not to be one that tips the balance in favor of release at this time.

This Court has carefully considered the evidence in conjunction with the criteria for detention set forth in 18 U.S.C. § 3142. In light of the serious nature of Lara Castillo's offenses, the incident of domestic violence involving his proposed third-party custodian, his strong ties to the Dominican Republic, and the presumption applicable to this case, this Court finds that no condition or combination of conditions will reasonably assure the appearance of Lara Castillo as required and the safety of the community.

## ORDER OF DETENTION

In accordance with the foregoing memorandum, IT IS ORDERED that:

1. Cesar Lara Castillo be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. Cesar Lara Castillo be afforded a reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Cesar Lara Castillo is detained and confined shall deliver him to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## **RIGHT OF APPEAL**

THE PERSON DETAINED BY THIS ORDER MAY FILE AN APPEAL FROM A RELEASE OR DETENTION ORDER PURSUANT TO 18 U.S.C. § 3145(c).

    /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge